MICHAEL E. SCHWIMER (SBN 255567)
**SCHWIMER WEINSTEIN LLP**
2665 Main St., Suite 200
Santa Monica, CA 90405
michael@swlawllp.com
Main: (310) 957-2700
Fax: (310) 957-2701

Attorneys for Ms. Siso
NICOLA SISO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHANNES DEUSS,<br><br>       Plaintiff<br><br>vs.<br><br>NICOLA ANGIE SISO, an individual;<br>DOES 1-10, inclusive,<br><br>       Defendants. | Case No.: 14-cv-00710-YGR<br>[Assigned for all purposes to the Hon. Yvonne Gonzalez-Rogers]<br><br>Complaint filed on February 14, 2014<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENAS TO CALIFORNIA DEPARTMENT OF VEHICLES, FIRST AMERICAN TITLE COMPANY, AMAZON.COM, INC., JP MORGAN CHASE, BANK OF AMERICA, N.A., AND SARA SISO AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL E. SCHWIMER AND DECLARATION OF SARA SISO IN SUPPORT THEREOF**<br><br>Date:  July 22, 2014<br>Time:  2:00 p.m.<br>Dept.:  1 |

1

| | |
|---|---|
| 1 | **TO THE HONORABLE YVONNE GONZALEZ-ROGERS, ALL PARTIES,** |
| 2 | **AND THEIR COUNSEL OF RECORD:** |
| 3 | **PLEASE TAKE NOTICE** that at 2:00 p.m. on July 22, 2014, or as soon |
| 4 | thereafter as this matter may be heard, before the Honorable Yvonne Gonzales-Rogers in |
| 5 | Courtroom 1, Fourth floor, of the above-entitled Court located at 1301 Clay Street, |
| 6 | Oakland, CA 94612, Defendant Nicola Angie Siso ("Ms. Siso") will and hereby does |
| 7 | move this Court for an Order quashing the subpoenas issued on February 14, 2014, by |
| 8 | Plaintiff Johannes Deuss ("Deuss") to the California Department of Motor Vehicles, First |
| 9 | American Title Company, Amazon.com, Inc., JP Morgan Chase, and Bank of America, |
| 10 | N.A., and the subpoena issued on February 24, 2014 by Deuss to Sara Siso ("Sara"), Ms. |
| 11 | Siso's mother.  Ms. Siso further moves for an Order requiring Deuss to identify under |
| 12 | seal all documents received pursuant to the subpoenas and destroy or seal and release all |
| 13 | such documents and records produced, and that the Court seal the deposition transcript of |
| 14 | the deposition of Sara.  Ms. Siso further moves for an award of sanctions against Deuss, |
| 15 | Philip E. Cook, Esq., and Jones Day, jointly and severally, appropriate to punish their |
| 16 | abuse of the subpoena power and to reimburse Ms. Siso for the cost of bringing this |
| 17 | Motion. |
| 18 | This Motion is made on the grounds that: |
| 19 | (1) The instant subpoenas were issued in violation of <u>Federal Rule of Civil |
| 20 | Procedure</u> Rule 26's prohibition on "early discovery"; and |
| 21 | (2) The issuance of the invalid subpoenas was willful and intentional and done for |
| 22 | the purpose of harassing and humiliating Ms. Siso. |
| 23 | /// |
| 24 | /// |
| 25 | /// |
| 26 | /// |
| 27 | /// |
| 28 | /// |

1  This Motion is based upon <u>Federal Rules of Civil Procedure</u> Rule 26 and Rule 45.
2  This Motion will be further based upon this notice, the attached Memorandum of Points
3  and Authorities served and filed herewith, the Declaration of Michael E. Schwimer, the
4  Declaration of Sara Siso, and corresponding attachments, attached thereto, all pleadings
5  and papers on file herein, and upon such further oral and/or documentary evidence as
6  may be presented at or before the hearing of this Motion.

8  Dated: June 12, 2014                        SCHWIMER WEINSTEIN LLP
                                                By:   /S/ Michael E. Schwimer
9                                                     MICHAEL E. SCHWIMER

                                                Attorneys for Ms. Siso
11                                              NICOLA SISO

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................... 6

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................. 7

III. ARGUMENT............................................................................................................ 8

    A. The Court Has Authority to Grant this Motion and Impose Sanctions.......... 8

    B. The Unauthorized Subpoenas Should be Quashed Because They Were Issued In Violation of FRCP Rule 26(d)(1). ................................................. 8

    C. Sanctions Should be Imposed Because Deuss and Mr. Cook Acted Willfully and Intentionally in their Flagrant Abuse of the Subpoena Power and Issued the Unauthorized Subpoenas to Harass and Humiliate Ms. Siso................... 9

        1. Sanctions are Appropriate because Mr. Cook Knowingly and Intentionally Violated the Federal Rules. ..........................................12

        2. Sanctions are Also Appropriate Because the Unauthorized Subpoenas Were Issued For an Improper Purpose. ..............................................13

    D. The Amount of the Sanctions Should be sufficient to Deter this Type of Future Conduct. ..............................................................................................16

    E. Costs Incurred By Ms. Siso in Bringing this Motion. ...................................17

V. CONCLUSION.........................................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*Desilva v. North Shore-Long Island Jewish Health System, Inc.* (E.D.N.Y. 2010) 2010
    WL 3119629 .................................................................................................................. 8

*Hooser v. Superior Court* (2000) 84 Cal.App.4th 997 ......................................................14

*In re Air Crash at Charlotte, N.C.* (D.S.C.1997) 982 F.Supp. 1092 ................................10

*Marvin Lumber and Cedar Co. v. PPG Industries, Inc.* (D.Minnesota 1997) 177 F.R.D.
    443 ................................................................................................................................ 8

*Mick Haig Productions E.K. v. Does 1-670* (5th Cir. 2012) 687 F.3d 649........................10

*Mick Haig Productions, E.K. v. Does 1-670* (N.D.Tex 2011) 2011 WL 5104095 ..8, 9, 10,
    11, 12, 16

*Theofel* (9th Cir. 2004) 359 F.3d 1066 ............................................................ 7, 8, 9, 12, 16

*Villegas v. United States* (E.D. Wash. 2012) 2012 WL 1801735...................................... 8

**Statutes**

Federal Rules of Civil Procedure, Rule 26 ...............................................................6, 8, 12

Federal Rules of Civil Procedure, Rule 45 ....................................................................... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This lawsuit is purely a pretext for Plaintiff Johannes Deuss ("Deuss") – a Dutch billionaire (likely several times over) – to exercise continued power and control over Defendant Nicola Siso ("Ms. Siso") in the wake of their separation. Bitter and hurt over their breakup, Deuss (who is nearly thirty years Ms. Siso's senior), seeks to use the United States Federal Courts in order to harass and humiliate Ms. Siso, and remind her that no matter where she goes, Deuss can still control her life. To that end, Deuss has willfully and maliciously invaded Ms. Siso's privacy by issuing invalid subpoenas under the color of authority of this Court to obtain Ms. Siso's private personal records and even depose Ms. Siso's mother.

This Motion to Quash ("Motion") is brought to quash the six improperly issued subpoenas delivered by Deuss to the California Department of Motor Vehicles ("DMV"), First American Title Company ("FATC"), Amazon.com, Inc., ("Amazon"), JP Morgan Chase ("JP Morgan"), Bank of America, N.A., ("Bank of America"), and Sara, on the grounds that the aforementioned subpoenas were unreasonable, unauthorized and issued in violation of <u>Federal Rules of Civil Procedure</u> ("FRCP") Rules 26(f), 26(g), and 45.

These six subpoenas were intentionally issued without first seeking the Court's permission to conduct preferential early discovery. Further, the majority of the information demanded is private and bears no reasonable relationship to the subject matter of this litigation. Thus, the subpoenas are not only unauthorized and in violation of the Federal Rules of Civil Procedure, they also constitute a malicious and willful invasion of Ms. Siso's privacy, and it is clear from the circumstances that the issuance of these subpoenas was a scare tactic aimed at harassing and embarrassing Ms. Siso.

To use the words of the Ninth Circuit in *Theofel v. Farey-Jones*:

> **[Each Subpoena] was not merely technically deficient, nor a borderline case over which reasonable legal minds might disagree. It "transparently and**

**egregiously" violated the Federal Rules, and defendant[] acted in bad faith and with gross negligence in drafting and deploying [them].**

*Theofel* (9th Cir. 2004) 359 F.3d 1066, 1074 (emphasis added).  Therefore, Ms. Siso hereby requests that this Court grant this Motion and issue an Order quashing the subpoenas issued by Deuss to DMV, FATC, Amazon.com, Inc., JP Morgan, Bank of America, and Sara (hereinafter referred to as the "Unauthorized Subpoenas"), and further ordering Deuss to identify under seal all documents produced pursuant to the Unauthorized Subpoenas, and destroy or release or seal all such documents and records produced, and that the Court seal the deposition transcript of the deposition of Sara.  Finally, Ms. Siso requests the imposition of sanctions against Deuss, Philip E. Cook, Esq., and Jones Day, jointly and severally, to punish them for their flagrant abuse of the subpoena power, and reimburse Ms. Siso for the costs of having to bring this Motion.

## II.
## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On February 14, 2014, Deuss filed a complaint (the "Complaint") against Ms. Siso, essentially seeking to take back from Ms. Siso all of the cash and property he gave to her during the course of their relationship.  *See e.g.* Complaint.  That same day, Philip E. Cook ("Mr. Cook"), Deuss's counsel, issued the subpoenas to the DMV, FATC, Amazon, JP Morgan, and Bank of America.  Declaration of Michael E. Schwimer ("Schwimer Decl.") ¶ 3, and Exhibit A thereto.  On February 24, Cook issued the subpoena to Sara.  *Id.*

On February 14, 2014, the Court initially set a Local Rule 16.1 Case Management Conference for May 13, 2014.  Schwimer Decl. ¶ 4.  On April 29, 2014, the Court continued the Case Management Conference to July 8, 2014, and on June 5, 2014, the Case Management Conference was continued until August 11, 2014.  *Id.*

On June 9, 2014, Ms. Siso filed a Motion to Dismiss the Complaint on the grounds that it failed to state a plausible claim for relief, that it did not give Ms. Siso fair notice of the claims against her, and that Declaratory relief was improper.  Schwimer Decl. ¶ 5.

## III.

## ARGUMENT

This Court has the authority to, and should quash the Unauthorized Subpoenas because they were issued in direct violation of FRCP Rule 26(d)(1). Further, this Court has the authority to, and should impose sanctions because Deuss and Mr. Cook acted willfully and intentionally in their flagrant abuse of the subpoena power and issued the Unauthorized Subpoenas to harass and humiliate Ms. Siso.

**A.     The Court Has Authority to Grant this Motion and Impose Sanctions.**

Pursuant to the FRCP Rule 26 and Rule 45, the Court has the power and authority to quash improper subpoenas and issue sanctions relating to such improper subpoenas. *See* FRCP Rule 26 and Rule 45; *Mick Haig Productions, E.K. v. Does 1-670* (N.D.Tex 2011) 2011 WL 5104095 (õMick Haig Iö) aff'd sub nom. *Mick Haig Productions E.K. v. Does 1-670* (5th Cir. 2012) 687 F.3d 649 (õMick Haig IIö); *Theofel* 359 F.3d.

**B.     The Unauthorized Subpoenas Should be Quashed Because They Were Issued In Violation of FRCP Rule 26(d)(1).**

The Unauthorized Subpoenas should be quashed because they were issued in violation of FRCP Rule 26(d)(1)øs prohibition on early discovery.

FRCP Rule 26(d)(1) provides:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

FRCP Rule 26(d)(1).

> Rule 45 Subpoenas, which are intended to secure the pretrial production of documents and things, are encompassed within the definition of õdiscovery,ö as enunciated in Rule 26(a)(5) and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery.

*Marvin Lumber and Cedar Co. v. PPG Industries, Inc.* (D.Minnesota 1997) 177 F.R.D. 443, 443. Thus, õthe issuance of non-party subpoenas prior to the Rule 26(f) conference violates Rule 26(d)(1).ö *Desilva v. North Shore-Long Island Jewish Health System, Inc.*

8

1  (E.D.N.Y. 2010) 2010 WL 3119629; *Villegas v. United States* (E.D. Wash. 2012) 2012
2  WL 1801735, *8 ("Rule 26(d) clearly prohibits 'discovery from any source' before the
3  parties have conferred, which by its plain language includes subpoenas duces tecum
4  served on non-parties."); *Mick Haig* 2011 WL 5104095 aff'd sub nom. *Mick Haig* 687
5  F.3d 649 (Sanctions imposed for subpoena issued before Rule 26(f) conference, where
6  issuer failed to obtain prior court order).

Here, it is evident that the Unauthorized Subpoenas were issued in violation of FRCP Rule 26(d)(1) because the Unauthorized Subpoenas were issued prior to any Rule 26(f) conference and no prior court order was obtained to authorize their issuance. The Unauthorized Subpoenas were issued on February 14, 2014, the same day that the Complaint was filed, and well before May 13, 2014, the initial date for the Case Management Conference. Accordingly, at the time the Unauthorized Subpoenas were issued, no Rule 26(f) conference had yet occurred — and could not have occurred given that the Unauthorized Subpoenas were issued on the same date as the Complaint was filed. Further, this action does not fall within any of the narrow exceptions provided in FRCP Rule 26(a)(1)(B) and no stipulation or prior court order was obtained permitting the issuance of the Unauthorized Subpoenas.

Therefore, the issuance of the Unauthorized Subpoenas was in clear violation of FRCP Rule 26(d)(1) and the Unauthorized Subpoenas should be quashed.

### C. Sanctions Should be Imposed Because Deuss and Mr. Cook Acted Willfully and Intentionally in their Flagrant Abuse of the Subpoena Power and Issued the Unauthorized Subpoenas to Harass and Humiliate Ms. Siso

Monetary Sanctions should be imposed because Deuss and Mr. Cook acted willfully and intentionally in their flagrant abuse of the subpoena power and issued the Unauthorized Subpoenas to harass and humiliate Ms. Siso.

"The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused." *Theofel* 359

F.3d at 1074. "To knowingly abuse [the subpoena] power is an affront to the fair and impartial administration of justice and is subject to sanctions under the inherent power of the court." *Mick Haig I* 2011 WL at *5 aff'd sub nom. *Mick Haig II* 687 F.3d (quoting *In re Air Crash at Charlotte, N.C.* (D.S.C.1997) 982 F.Supp. 1092, 1101).

*Mick Haig I* is a key example of the repercussions that should follow from the willful misuse of the subpoena power. In *Mick Haig I*, a lawyer, Evan Stone, knowingly and intentionally issued subpoenas prior to the FRCP Rule 26(f) conference without first obtaining court permission. For his "'grave' and 'wanton' 'abdication of responsibility,' transforming the use of subpoenas -from a bona fide state-sanctioned inspection into private snooping,'" Stone was sanctioned $10,000 and ordered to pay attorney's fees and costs incurred in bringing the motion for sanctions. *Mick Haig II* 687 F.3d at 652. As the Court aptly stated in *Mick Haig I*:

> Because attorneys use subpoenas to further discovery, sanctions in the subpoena context often implicate the sanction provisions in both Rules 26 and 45… The Court draws on both Rules here because Stone sought early discovery from the ISPs via subpoenas.
> …
> Attorneys derive the authority to issue subpoenas from their status as court officers. Thus, "lawyer-issued subpoenas [are] mandates of the [issuing] court." FED. R. CIV. P. 45 1991 advisory committee's notes (citations omitted). With this power comes "increased responsibility and liability for [its] misuse." Id.; *see also Theofel v. Farey–Jones*, 359 F.3d 1066, 1074 (9th Cir.2004) ("The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused."). Indeed, the magnitude of the public trust vested with attorneys in this regard is so great that some jurisdictions recognize causes of action for abuse of subpoena and malicious prosecution. *See, e.g., RRR Farms, Ltd. v. Am. Horse Protection Ass'n*, 957 S.W.2d 121, 133–34 (Tex.App.-Houston [14th Dist.] 1997, pet. den.). Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees— on a party or attorney who fails to comply." FED. R. CIV. P. 45(c)(1).

Stone grossly abused his subpoena power. "A party may not seek discovery from

any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1) (emphasis added).

…

Rule 26, however, "oblige[d] [Stone] to stop and think about the legitimacy of [his] discovery request" and whether it was consistent with the Rules and "reasonable under the precedents or a good faith belief as to what should be the law." FED. R. CIV. P. 26(g) & 1983 advisory committee's notes. This standard requires only that Stone have acted objectively reasonable under the circumstances. *Id*; see also *Theofel*, 359 F.3d at 1074 (noting that a subpoena's issuer is "charged with knowledge of its invalidity" because he "'ought to have known in the exercise of reasonable care' of the mistake" (quoting PROSSER & KEETON ON THE LAW OF TORTS § 18 at 119 (5th ed.1984))).

…

Stone's decision to issue the unauthorized subpoenas also runs afoul of Rule 45's provisions for "Protecting a Person Subject to a Subpoena." FED. R. CIV. P. 45(c). By serving invalid subpoenas, Stone necessarily "impos[ed] an undue burden or expense" on each ISP and the putative Does. FED. R. CIV. P. 45(c)(1).

…

To say that the subpoenas imposed an undue burden on their targets fails to capture the gravity of Stone's abdication of responsibility: Because Stone obtained information that he had no right to receive, "[t]he subpoena[s'] falsity transformed the access [of the Does' information] from a bona fide state-sanctioned inspection into private snooping." *Theofel*, 359 F.3d at 1073 (citations omitted). The law, moreover, presumes that Stone "had at least constructive knowledge of the subpoena[s'] invalidity. [The subpoenas were] not merely technically deficient, nor ... borderline case[s] over which reasonable legal minds might disagree. [They] transparently and egregiously violated the Federal Rules, and [Stone] acted in bad faith and with gross negligence in drafting and deploying [them]." *Id*. at 1074 (footnote and internal quotation marks omitted). "To knowingly abuse [the subpoena] power is an affront to the fair and impartial administration of justice and is subject to sanctions under the inherent power of the court," *In re Air Crash at Charlotte, N.C.*, 982 F.Supp. 1092, 1101 (D.S.C.1997), and the Federal Rules

…

Accordingly, the Court finds that Stone's conduct merits severe sanctions under Rules 26 and 45.

*Mick Haig I* 2011 WL at *3-5 aff'd sub nom. *Mick Haig II* 687 F.3d (select internal quotations and citations omitted).

///

1. *<u>Sanctions are Appropriate because Mr. Cook Knowingly and Intentionally Violated the Federal Rules</u>*.

Here, for the same reasons as those articulated by the Court in *Mick Haig I*, *supra*, Mr. Cook's conduct merits "severe" sanctions under Rules 26 and 45 because Mr. Cook "transparently and egregiously" violated the Federal Rules. Mr. Cook intentionally issued the Unauthorized Subpoenas in violation of the Federal Rules, and he did so for the improper purpose of harassing and intimidating Ms. Siso.

The Federal Courts have made it unequivocally clear that failing to seek the Court's permission before issuing pre-conference subpoenas constitutes a "gross abuse" of the subpoena power, yet that is precisely what Mr. Cook did, and it is clear that he did so knowingly and intentionally.

Rule 26 "oblige[d] [Mr. Cook] to stop and think about the legitimacy of [his] discovery request" and whether it was consistent with the Rules and "reasonable under the precedents or a good faith belief as to what should be the law." FRCP Rule 26(g) & 1983 advisory committee's notes. This standard required only that Mr. Cook "acted objectively reasonable under the circumstances." *Id*; see also *Theofel* 359 F.3d at 1074. However, Mr. Cook was not objectively reasonable in issuing the Unauthorized Subpoenas because no more than a basic understanding of the Federal Rules of Civil Procedure is necessary to know that any subpoena issued on the same day a complaint is filed in Federal Court (or ten days thereafter) "would constitute a discovery request inconsistent with Rule 26(d)'s prediscovery conference requirement." *Mick Haig I* 2011 WL at *5.

Indeed, Mr. Cook holds himself out as having much more than a basic understanding of the Federal Rules. According to Mr. Cook's online profile, Mr. Cook is a partner at the international law firm of Jones Day with over 30 years of experience. *See* Schwimer Decl. ¶ 6, and Exhibit B, thereto.

> As an adjunct law professor, Phil has taught clinical courses in trial practice. He regularly participates in workshops teaching deposition, advocacy, and trial

techniques and has appeared on the faculty at local and national CLE seminars. Phil is the immediate past president of the Los Angeles Chapter of the Association of Business Trial Lawyers. He also serves on the Executive Committee of the Litigation Section of the Los Angeles County Bar Association. *Id.* Further, according to Mr. Cook's profile, he served as a law clerk for the Honorable Consuelo B. Marshall, United States District Court, Central District of California, and authored a review of the 2005 Robert L. Haig treatise "Business and Commercial Litigation in Federal Courts." *Id.*

In light of his extensive resume, it is simply not believable that Mr. Cook, was unaware of the Unauthorized Subpoenas's invalidity at the time he issued them. Thus, it is clear from the facts and circumstances that Mr. Cook knowingly and intentionally issued the Unauthorized Subpoenas in violation of the Federal Rules, and Mr. Cooks conduct "merits severe sanctions under Rules 26 and 45."

2. <u>Sanctions are Also Appropriate Because the Unauthorized Subpoenas Were Issued For an Improper Purpose</u>.

If Mr. Cooks flagrant violation of the Federal Rules was not sufficient in and of itself to warrant sanctions, it is clear from the timing of the issuance of the Unauthorized Subpoenas, and their content, that the Unauthorized Subpoenas were issued to intimidate, harass, and humiliate Ms. Siso.

The timing of the issuance of the Unauthorized Subpoenas suggests that they were issued to intimidate, harass, and humiliate Ms. Siso. As stated above, five of the six Unauthorized Subpoenas were issued on the **same day** this action was filed, with the sixth issued just ten days later. This suggests that the purpose of the Unauthorized Subpoenas (which as discussed below contained requests for Ms. Siso's private and confidential information) was to scare and overwhelm Ms. Siso – to "show her" that Deuss could and would make her life miserable.

Even a cursory review of the Unauthorized Subpoenas shows that they seek Ms. Siso's private and confidential information and bear no reasonable relation to the subject matter of this lawsuit. The DMV subpoena requests "all documents that relate to Nicola

Angie Siso," and all documents that related to a motor vehicle presumably believed to be registered to Ms. Siso. The FATC subpoena requests "all documents that relate to the December 2013 sale of [Ms. Siso's Napa Valley house] from Nicola Angie Siso to James Nolan." The Amazon subpoena requests:

> all documents that relate to the book entitled *50 premiere Winemakers of Napa Valley: Their Insights and Inspirations*… including but not limited to, documents reflecting financial information about number of units sold and revenue for such sales, communications to or from Nicola Angie Siso or Nicola Siso Photography LLC regarding the book, documents evidencing payments to Nicola Angie Siso or Nicola Siso Photography, LLC for the book, and any bank account information reflecting the destination for payments you have made, or have been instructed to make, for sales of the book.

The JP Morgan and Bank of America subpoenas request "all documents that relate to Nicola Angie Siso from October 1, 2013 to the present" and all documents that relate to Ms. Siso's respective bank accounts from October 1, 2013 to the present "including, but not limited to, account statements, wire transfer information and current mailing address on file for the account holder." Finally, the Sara subpoena requests "[a]ll documents related to Nicola A. Siso's current residential or business address."

The California Constitutional right of privacy protects against the unwarranted, compelled disclosure of private or sensitive information regarding one's personal life, including his or her financial affairs, political affiliations, medical history, sexual relationships and confidential personnel information. *Hooser v. Superior Court* (2000) 84 Cal.App.4th 997. Yet, that is precisely the information sought by the Unauthorized Subpoenas.

Ms. Siso's DMV file contains medical history and confidential information, the information sought from FATC, Amazon, JP Morgan, Bank of America consisted of private financial information, and the information sought from Sara also potentially contained private and confidential information. Further, the information sought bears no relation, let alone a reasonable one, to the subject matter of this lawsuit.

By this action, Deuss seeks to take back a diamond ring and cash he allegedly

1  bestowed upon Ms. Siso during their relationship, which Deuss alleges to have ended in
2  January 2013. Ms. Siso's DMV records are irrelevant to alleged gifts Deuss made to her.
3  Although it is alleged that Ms. Siso used the funds gifted to her to purchase the Napa
4  home, the escrow file for the *sale* of that property by Ms. Siso to a third party *after* Ms.
5  Siso and Deuss broke up is irrelevant. Financial information pertaining to the sale of a
6  book authored by Ms. Siso is irrelevant to the alleged gifts made by Duess to Ms. Siso,
7  and so too is the financial information pertaining to Nicola Siso Photography LLC –
8  which is not even a party to this action. Ms. Siso's financial records for the period
9  starting *after* she and Deuss broke up until the present are irrelevant to gifts allegedly
10 given to her by Deuss while they were together. Finally, any, let alone all, documents
11 related to Ms. Siso's *current* residential or business address are irrelevant to gifts
12 allegedly given to her by Deuss.

13      Not coincidentally, the information sought by the Unauthorized Subpoenas relates
14 to Ms. Siso's *current* assets and their location. It is, and should be, inferred from the
15 timing of their issuance, and the information sought, that Deuss and Mr. Cook issued the
16 Unauthorized Subpoenas in order to quickly execute on Ms. Siso's assets if a default
17 judgment was obtained. It can be inferred that Deuss and Mr. Cook believed that Ms.
18 Siso would not appear in this action, let alone spend the time and money to challenge the
19 Unauthorized Subpoenas. Once Deuss obtained a default judgment against Ms. Siso,
20 Deuss could and would use the information regarding Ms. Siso's assets to execute on
21 those assets before Ms. Siso had any opportunity to attack the default judgment. Thereby
22 Ms. Siso would be deprived of the funds needed to challenge the default judgment after
23 its entry.

24      Jones Day even went so far as to coerce Sara to appear for her deposition with
25 threats of imprisonment should she refuse to cooperate. According to Sara, a process
26 server for Jones Day came to Sara's place of business and threatened her that "the police
27 will arrest you" if you do not cooperate. Declaration of Sara Siso ¶ 5. Based on
28 communications with Sara, it is believed that the scope of Sara's oral examination well

1 exceeded that of this action.

2 To say that the Unauthorized Subpoenas imposed an undue burden on their targets
3 "fails to capture the gravity of [Mr. Cook's] abdication of responsibility" (*Mick Haig I*
4 2011 WL at *5): because Mr. Cook obtained information that he had no right to receive,
5 "[t]he subpoena[s'] falsity transformed the access [of Ms. Siso's information] from a bona
6 fide state-sanctioned inspection into private snooping." *Theofel* 359 F.3d at 1073
7 (citations omitted). The law, moreover, presumes that

> [Mr. Cook] had at least constructive knowledge of the subpoena[s'] invalidity. [The subpoenas were] not merely technically deficient, nor ... borderline case[s] over which reasonable legal minds might disagree. [They] transparently and egregiously violated the Federal Rules, and [Mr. Cook] acted in bad faith and with gross negligence in drafting and deploying [them].

*Id*. at 1074 (footnote and internal quotation marks omitted).

In sum, the issuance of the Unauthorized Subpoena's was intentional, wilful, and done for an improper purpose. As the Court in *Mick Haig I* stated: "**The adage 'it is easier to ask forgiveness than it is to get permission' has no place in the issuance of subpoenas**." 2011 WL at *7 (emphasis added). Therefore, this Court respectfully should impose sanctions against Deuss, Mr. Cook, and Jones Day to punish their egregious behavior and compensate Ms. Siso for the cost of bringing this Motion.

### D. The Amount of the Sanctions Should be sufficient to Deter this Type of Future Conduct.

In order to sufficiently deter Deuss and his counsel from engaging in such inappropriate conduct in the future, Deuss's relative wealth should also be considered by the Court in fashioning a sanctions order. The function of deterrence will not be served by an award which, in light of Deuss's substantial wealth, allows him to absorb the sanction with little or no discomfort. Therefore, it is suggested that the Court also consider Deuss's wealth in determining any sanctions pursuant to this Motion.

///

///

16

### E. Costs Incurred By Ms. Siso in Bringing this Motion.

It is estimated that Ms. Siso will incur costs and fees in the amount of $13,375.00 as a result of bringing this Motion. Schwimer Decl. ¶¶ 7-8.

## V.

## **CONCLUSION**

For the reasons set forth herein, Ms. Siso respectfully requests that this Court quash the Unauthorized Subpoenas, that this Court Order the identification under seal and destruction or return of all records and documents produced pursuant to the Unauthorized Subpoenas, that the Court seal the deposition transcript of Sara's deposition, and that this Court impose sanctions against Deuss, Mr. Cook, and Jones Day sufficient to punish them for their blatant violations of Federal Law and reimburse Ms. Siso for the costs of bringing this Motion.

Dated: June 12, 2014                                     SCHWIMER WEINSTEIN LLP
                                                         By:   /S/ Michael E. Schwimer

                                                         MICHAEL E. SCHWIMER
                                                         Attorneys for Ms. Siso
                                                         NICOLA SISO